IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ESAU POREE | § | |
| VS. | § | CIVIL ACTION NO. 1:19-cv-292 |
| ROCHELLE P. ROGERS | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Esau Poree, an inmate confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Rochelle P. Rogers. Defendant Rogers is employed as a sergeant at the Stiles Unit.

The action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Defendant filed a Motion to Dismiss the action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. #22.) Plaintiff filed a Response (Doc. #25), and the matter is now ripe for review.

Development of the Factual Basis of the Complaint

Upon initial examination of the original Complaint (Doc. #2), the court was unable to determine whether Plaintiff's factual allegations stated a non-frivolous claim upon which relief may be granted. Accordingly, Plaintiff was ordered to file an amended pleading in the form of responses to a questionnaire in order to provide a more detailed factual discussion of his claims. *See Watson v. Ault*, 525 F.2d 886, 893 (5th Cir. 1976). In preparing this Report and Recommendation, the

undersigned considered both Plaintiff's Complaint and his Response (Doc. #15) to the Order (Doc. #8).

## Factual Background

Plaintiff alleges he was transferred to the Stiles Unit on February 23, 2018. Defendant Rogers allegedly escorted Plaintiff to a reclassification hearing conducted by Major Landrum, and she was present during the hearing. Plaintiff alleges he told Major Landrum that he had been assaulted at the Stiles Unit. Major Landrum responded that the inmate who assaulted Plaintiff was no longer at the Stiles Unit. Plaintiff allegedly told Major Landrum that family members of the inmate were confined at the Stiles Unit, but regardless, Major Landrum assigned Plaintiff to a cell in general population.

Plaintiff also alleges he suffered a serious eye injury, which required surgery and left him blind in his left eye, while he was confined at the Hughes Unit. After his transfer to the Stiles Unit, Plaintiff alleges some of his medication appointments were delayed, and he was denied pain medication for his injured eye on multiple occasions.

Plaintiff alleges he left the Stiles Unit for medical treatment at another facility. When he returned to the Stiles Unit on March 12, 2018, Plaintiff alleges he was denied food, and he was denied a blanket and sheets, even though his cell was cold due to the air conditioning. Plaintiff alleges he complained about the cold and the denial of his pain medication, but correctional officers ignored his complaints. Plaintiff alleges he spoke to Warden Crow regarding his safety concerns, the cold, and the denial of pain medication. Plaintiff told Warden Crow that he believed everything happening to him was the result of Defendant Rogers retaliating against Plaintiff for filing a lawsuit. According to Plaintiff, Warden Crow told Plaintiff that he would help him. Plaintiff alleges he was

transferred from the Stiles Unit the next day. As Plaintiff was leaving the Stiles Unit, Defendant Rogers allegedly spoke disrespectfully to Plaintiff by telling him that his property was a fire hazard and making an unspecified, humiliating comment about Plaintiff.

## Defendant's Motion to Dismiss

Defendant Rogers moved to dismiss the action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendant Rogers contends that any claims against her in her official capacity for monetary relief must be dismissed for lack of subject matter jurisdiction because the Eleventh Amendment bars such claims. Defendant Rogers contends Plaintiff failed to state a claim upon which relief may be granted because he has not shown that she was personally involved in alleged violations of his Constitutional rights with respect to the conditions of his confinement and Plaintiff's factual allegations do not state a claim of retaliation.

## Standard of Review

Under Federal Rule of Civil Procedure 12(b)(1), the district court has the authority to dismiss an action for lack of subject matter jurisdiction based on: (1) the complaint alone, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). The court generally can decide disputed issues of material fact in order to determine whether or not it has jurisdiction. *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (3rd Cir. 2004).

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a complaint if it fails to state a claim upon which relief may be granted. A complaint does not need detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a

3

claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555. The plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Analysis

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, causes a person to be deprived of a federally-protected constitutional right. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Phillips v. Monroe County*, 311 F.3d 369, 373 (5th Cir. 2002). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state . . . subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured . . . .

42 U.S.C. § 1983. In order to state a cause of action under § 1983, a plaintiff must allege two elements. "First, the Plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

*Personal Involvement*

To successfully plead a cause of action in a civil rights case, a plaintiff must enunciate a set of facts that illustrate the defendant's participation in the alleged wrong. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). Plaintiff has not alleged facts demonstrating Defendant Rogers was personally involved in Plaintiff's classification or cell assignment. Nor has

Plaintiff alleged that Defendant Rogers was personally responsible for denying Plaintiff blankets, food, or medication. Because Plaintiff failed to allege any facts demonstrating that Defendant Rogers participated in these alleged wrongs, those claims must be dismissed for failure to state a claim upon which relief may be granted.

*Retaliation*

Although Plaintiff has not alleged any facts demonstrating that Defendant Rogers was personally involved in Plaintiff's classification, cell assignment, or the other conditions of his confinement, Plaintiff contends that each of those adverse actions was taken on behalf of Defendant Rogers in order to retaliate against Plaintiff for filing a lawsuit.

"An action motivated by retaliation for the exercise of a constitutionally protected right is actionable, even if the act, when taken for a different reason, might have been legitimate." *Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995). Retaliation, though it is not expressly referred to in the Constitution, is nonetheless actionable because retaliatory actions may tend to chill an individual's exercise of constitutional rights. *Perry v. Sinderman*, 408 U.S. 593, 597 (1972). Retaliation is actionable only if the retaliatory act "is capable of deterring a person of ordinary firmness from further exercising his constitutional rights." *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008).

To establish a retaliation claim, an inmate must prove: (1) the inmate was exercising a specific constitutional right, (2) the defendant intended to retaliate against the inmate for exercising that right, (3) a retaliatory adverse act, and (4) causation. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006). Because conclusory allegations are insufficient to establish a retaliation claim, retaliation claims filed by prisoners are viewed with skepticism by the courts. *Woods*, 60 F.3d at 1166. A

prisoner is required to establish that the adverse act would not have occurred but for a retaliatory motive. *Id*. The inmate must either produce direct evidence of motivation or allege a chronology of events from which retaliation may be plausibly inferred. *Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004).

In this case, Plaintiff has met the first prong of a retaliation claim because he alleges he was exercising his constitutional right to access the courts by filing a lawsuit. *See Bounds v. Smith*, 430 U.S. 817, 828 (1977) (holding that prisoners have a right to access to the courts protected by the First Amendment right to petition for redress of grievances, and the Fourteenth Amendment guarantees of procedural and substantive due process). Plaintiff's retaliation claim fails on the second prong of the analysis, however, because he has not demonstrated that defendant Rogers intended to retaliate against him. Plaintiff has not alleged any facts showing direct evidence of motivation, and he also failed to allege a chronology of events from which retaliation may be inferred. The allegations in Plaintiff's pleadings fail to establish a link between his exercise of his right to access the courts and the actions taken against him by people other than Defendant Rogers. Therefore, Plaintiff's retaliation claim fails to state a claim upon which relief may be granted.

*Verbal Harassment*

Plaintiff alleges Defendant Rogers spoke disrespectfully to him and made a humiliating comment as Plaintiff was leaving the Stiles Unit. Verbal threats and abuse do not amount to a constitutional violation. *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983); *see also Walter v. Perkins*, No. 20-30547, 2021 WL 5458110 at *1 (Nov. 22, 2021) (unpublished) (holding that allegations of threats and "promises of violence" are insufficient to state a claim of retaliation or a violation of the Eighth Amendment).

Therefore, this claim should be dismissed for failure to state a claim upon which relief may be granted.

*Eleventh Amendment Immunity*

It is well-settled that the Eleventh Amendment bars a suit in a federal court against a state unless the sovereign has unequivocally expressed a waiver of its immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-99 (1984); *Pace v. Bogalusa City Sch. Bd.*, 325 F.3d 609, 613 (5th Cir. 2003). State officials sued in their official capacity are not liable for damages under § 1983 because they assume the identity of the government that employs them. *Hafer v. Melo*, 502 U.S. 21, 27 (1991). Therefore, to the extent that Defendant Rogers is sued in her official capacity, she is immune from liability with respect to Plaintiff's claims for damages.

Recommendation

Defendant's Motion to Dismiss should be granted.

Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United*

*Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 13th day of December, 2021.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE